IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      v.                                        20-CR-195-JLS

DAVID RUBEL,

            Defendant.

---

### GOVERNMENT'S SENTENCING MEMORANDUM

      David Rubel's case is extraordinary in one important respect: Rubel sexually exploited the minor daughter of the woman he was in a romantic relationship with.  (PSR ¶¶ 18-19.)  It was through that intimate relationship that Rubel became familiar with Minor Victim 1 to begin with.  From that position of trust, Rubel abused Minor Victim 1 by enticing her to produce child pornography.  (PSR ¶¶ 18-22.)  This abuse is made more alarming by the fact that the age of Minor Victim 1 is close to that of Rubel's own biological children.  (PSR ¶¶ 18, 81.)  Moreover, Rubel admitted that he had at one point kissed Minor Victim 1 on the cheek and he may have accidentally grabbed one of her breasts or buttocks while wrestling or playing in the pool.  (PSR ¶ 21.)  Rubel's conduct could well have led to sexual intercourse with Minor Victim 1 had he not been apprehended in time.  This is not, then, a child pornography case in which the Guideline range is inconsistent with what 18 U.S.C. § 3553(a) requires.  To the contrary, the uniquely troubling facts of this case—which practically amount to incest—warrant a Guideline sentence of imprisonment.

      Whatever term of imprisonment the Court decides to impose, however, the Court should exercise its discretion to impose a life term of supervised release.  18 U.S.C. § 3583(k)

mandates a term of supervised release of five years to life, and a life term is appropriate for three reasons. First, the Guidelines provide that where, as here, the conviction is for a sex offense, the statutory maximum term of supervised release is recommended. U.S.S.G. § 5D1.2(b) (Policy Statement). There are no factors in this case that warrant departure from this recommendation. Second, Rubel has a history of repeated probation violations, (PSR ¶¶ 45-47), demonstrating his inability to comply with supervision and the law. A life term of supervised release would empower the Court to hold Rubel accountable for any violation of his release conditions for as long as he lives.

This is critical for the final, and most important, justification for a life term of supervised release. Although both Minor Victim 1 and her father, J.T., declined to submit a written impact statement, (PSR ¶ 24), they have informed the government that they want an order of protection against Rubel to prohibit him from contacting Minor Victim 1 after his release from prison. The Court has the power to prohibit such contact as a condition of Rubel's supervised release, and a life term would empower the Court to enforce this prohibition against Rubel for the rest of his life. A life term, therefore, would provide Minor Victim 1 a cherished sense of closure that would allow her to continue her path to healing. Should Rubel contact Minor Victim 1 at any point after his release, such contact can shatter any healing she may have achieved by ringing her back to the moment of her trauma. Further contact from Rubel would, in effect, continue the abuse Minor Victim 1 suffered as a child (even though she is now an adult), and "[t]he prevention of sexual exploitation and abuse of children constitutes a government objective of surpassing importance." *New York v. Ferber*, 458 U.S. 747, 757 (1982). There must be a mechanism in place to hold Rubel

accountable for retraumatizing Minor Victim 1 by contacting her post-release, and a life term of supervised release provides that mechanism.

DATED:   Buffalo, New York, February 10, 2023.

Respectfully submitted,

TRINI E. ROSS
United States Attorney

By:   *s/***RAYMOND J. FADEL**
RAYMOND J. FADEL
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Ave.
Buffalo, New York 14202
(716) 843-5796
Raymond.Fadel@usdoj.gov

3