IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

     v.                                                   20-CR-195-JLS

DAVID RUBEL,

            Defendant.

## GOVERNMENT'S RESPONSE TO
## DEFENDANT'S SENTENCING MEMORANDUM

The government submits this memorandum to respond briefly to defendant's reliance on the Second Circuit's interpretation of Guideline § 2G2.2 in *United States v. Dorvee*, 616 F.3d 174 (2d Cir. 2010) and *United States v. Jenkins*, 854 F.3d 181 (2d Cir. 2017).  (Dkt. 72 at 10-11.)

These Second Circuit cases interpret a Guideline that does not apply in this case.  The government acknowledges that the Second Circuit has encouraged district courts to vary downward in certain child pornography cases.  The concerns that animate those decisions, however, do not apply to this case.  The Guideline that drives Rubel's sentencing range is § 2G2.1.  (*See* PSR ¶ 29.)  Thus, this case does not implicate Guideline § 2G2.2, which applies to cases involving possession, receipt, and distribution of child pornography.  The government recognizes that the Second Circuit has criticized § 2G2.2 as an "eccentric Guideline of highly unusual provenance which, unless carefully applied, can easily generate unreasonable results."  *Dorvee*, 616 F.3d 174, 188 (2d Cir. 2010); *see also Jenkins*, 854 F.3d 181, 188 (2d Cir. 2017) (repeating these observations).  In cases applying Guideline § 2G2.2,

1

the Second Circuit has therefore "encouraged" district courts "to take seriously the broad discretion they possess in fashioning sentences." *Dorvee*, 616 F.3d at 188.

Cases applying Guideline § 2G2.1, by contrast, are fundamentally different because they involve a defendant's sexual abuse of a child. Neither *Dorvee* nor *Jenkins* dealt with such conduct. *See Dorvee*, 616 F.3d at 187 (noting that defendant "never had any contact with an actual minor"); *Jenkins*, 854 F.3d at 184 (noting that defendant "did not contact or attempt to contact a minor"). As a result, the Second Circuit's criticism of Guideline § 2G2.2 has no bearing on whether the Court should vary downward in this case. *See United States v. Brown*, 843 F.3d 74, 83-84 (2d Cir. 2016) (noting that the Second Circuit has "repeatedly upheld lengthy sentences in production cases post-*Dorvee*, recognizing a distinction between production and possession, particularly in production cases involving sexual contact with victims"). Indeed, the Second Circuit recently clarified that *Dorvee* and *Jenkins* involved "narrow circumstances," and that the concerns articulated in those cases are inapplicable "where the defendant was involved in the production of child pornography and had direct contact with child victims." *United States v. Muzio*, 966 F.3d 61, 65 (2d Cir. 2020).

Rubel, of course, did not plead guilty to producing child pornography. But as part of his plea agreement, the defendant agreed that Guideline § 2G2.1—the production Guideline—would be used to calculate his sentencing range. (Dkt. 49, ¶¶ 11-12.); *see also* U.S.S.G. § 2G2.2(c)(1) (cross-reference requiring court to apply Guideline § 2G2.1 in cases such as this one). This makes sense: the defendant's conduct did not involve simple possession of images; it instead involved *creating* images for the defendant's sexual gratification and doing so in a way that grossly abused the trust between the defendant and Minor Victim 1. Moreover, the defendant had physical access to Minor Victim 1, as

evidenced by his admission that he had at one point kissed Minor Victim 1 on the cheek and may have accidentally grabbed one of her breasts or buttocks while wrestling or playing in the pool.[1]   (PSR ¶ 21.)   *Dorvee* and *Jenkins* therefore provide no guidance on whether a variance is appropriate in this case.

DATED:   Buffalo, New York, June 28, 2023.

    Respectfully submitted,

    TRINI E. ROSS
    United States Attorney

By:   *s/***RAYMOND J. FADEL**
    RAYMOND J. FADEL
    Assistant United States Attorney
    United States Attorney's Office
    Western District of New York
    138 Delaware Ave.
    Buffalo, New York 14202
    (716) 843-5796
    Raymond.Fadel@usdoj.gov

---

[1] Although the child pornography involved in this case did not entail sexual abuse involving physical contact, the Second Circuit has declined to hold, as a matter of law, "that non-contact production of child pornography is categorically less harmful than sexual abuse involving physical contact."   *United States v. Muzio*, 966 F.3d 61, 65-66 (2d Cir. 2020). That is because "some offenses that do not involve physical contact may nonetheless inflict very real and even more severe harm on victims."   *Id.*